UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Latasha Lorraine Askins, | ) | C/A No. 4:12-3547-RBH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Starting Point; Heather Quenault; Maria | ) | |
| Roundtree; and Larry Wiseburn, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's Motion to Have Defendants' Deposition of Plaintiff Terminated or Parts Deemed Inadmissible at Trial, ECF No. 45, which Defendants oppose, ECF No. 46. Having considered the arguments of all parties, the court hereby *denies* Plaintiff's Motion.

Plaintiff, appearing pro se, brought this employment litigation against Defendants in 2012. On November 8, 2013, counsel for Defendants deposed Plaintiff. In her Motion, Plaintiff asks that her deposition "be terminated on grounds that [Defendants'] counsel continued to badger and intimidate [Plaintiff], despite [Plaintiff's] asking counsel to stop." Pl.'s Mot. 1. Plaintiff also submits that defense counsel "tried to put words into [her] mouth," and told Plaintiff she had to answer questions about all documents. *Id.* Alternatively, if the deposition cannot "be terminated or suspended," Plaintiff asks that the court deem certain matters "inadmissible at trial, if a trial is needed." *Id.*[1]

---

[1] Plaintiff also generally asks that her current employer, Comfort Keepers, "not be contacted or subpoenaed at all for any reason that may be given." Pl.'s Mot. 1, n.1. Plaintiff submits that Comfort Keepers has not been informed of any lawsuits and Plaintiff "wants to keep it that way."

As Defendants note in their response, Plaintiff's request that the deposition be terminated is moot because the deposition was already terminated by Defendants' counsel. Defs.' Resp. 1, ECF No. 46. Defense counsel further indicate they provided Plaintiff with copies of the applicable Federal Rules of Civil Procedure and Local Civil Rules and read applicable rules as appropriate during and at the close of Plaintiff's deposition. *Id.* at 1-2.[2] In addition, Plaintiff's general request that the court now rule on the admissibility of portions of her deposition testimony is premature.

Accordingly, Plaintiff's Motion, ECF No. 45, is *denied as moot* as to its request that Plaintiff's deposition be terminated and *denied as unripe* as to her request that certain, unspecified deposition testimony be ruled inadmissible at trial.

    IT IS SO ORDERED.

November 20, 2013                                    Kaymani D. West
Florence, South Carolina                            United States Magistrate Judge

---

*Id.* This portion of Plaintiff's Motion is *denied without prejudice* as the court cannot rule on such a generalized request. The court further notes Plaintiff recently filed a Motion to Quash the subpoenaing of Comfort Keepers, ECF No. 48. To the extent that this Motion is more specific, the court will consider it once briefing is complete.

[2] Counsel provided the applicable rules to Plaintiff as a courtesy, a pro se litigant such as Plaintiff is expected to be familiar with, and comply with, the Federal Rules of Civil Procedure and Local Civil Rules herself. *See Information on Representing Yourself in a Civil Action (Non-Prisoner)*, 5 (D.S.C. updated Sept. 9, 2013) (available at www.scd.uscourts.gov, Pro Se Representing Yourself Tab, Guide Tab).