UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Latasha Lorraine Askins, | ) | C/A No. 4:12-3547-RBH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Starting Point; Heather Quenault; Maria Roundtree; and Larry Wiseburn, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's Motion to Have Subpoena of Comfort Keepers Quashed, ECF No. 48, which Defendants oppose, ECF No. 51. Having considered the arguments of all parties, the court hereby *denies* Plaintiff's Motion.

Plaintiff, appearing pro se, brought this employment litigation against Defendants in 2012. On November 15, 2013, Plaintiff filed her Motion "request[ing] that the subpoenaing of Comfort Keepers be quashed." ECF No. 48 at 1. Plaintiff's Motion seems to suggest Defendants have subpoenaed Comfort Keepers, her current employer, seeking her employment file, including evaluations and payroll information. However, Plaintiff did not provide a copy of any subpoena with her Motion. Plaintiff generally argues that Defendants are "just being plain nosy" in asking for information regarding her employment with Comfort Keepers. *Id.* She argues that the "majority of the data the defendants are asking for is privileged information." *Id.* Plaintiff does not, however explain how the information would be "privileged" and what privilege she may assert over information requested. Plaintiff states any subpoena to Comfort Keepers "would just be a waste of time because Comfort Keepers" is not being sued and any information from it would not "help the case at hand." *Id.* Plaintiff suggests Defendants are seeking information regarding a mental disorder and any inappropriate actions, but argues if she had demonstrated actions related to a "Borderline Personality Disorder" or

other inappropriate actions or relationships, she would no longer be employed by Comfort Keepers. *Id.* Plaintiff ends her Motion by indicating she wishes to keep her "personal life and legal matters" from Comfort Keepers. *Id.*

In response, Defendants indicate they "intend to subpoena Plaintiff's employment records from her current employer, Comfort Keepers[,]" explaining the ways in which the information they intend to seek is appropriately discoverable in this Title VII employment action. ECF No. 51. Defendants note that salary information may be relevant to Plaintiff's duty to mitigate damages, information regarding Plaintiff's application, and disciplinary and/or complaint information. *Id.* at 1.

As the court is unable to review any subpoena for purposes of considering whether it should be quashed, the court hereby *denies* Plaintiff's Motion.[1] Further, to the extent Plaintiff's Motion seeks a ruling regarding whether the information apparently sought by subpoena may be admissible at trial, such a request is premature at this time.

    IT IS SO ORDERED.

March 6, 2014                                           Kaymani D. West
Florence, South Carolina                          United States Magistrate Judge

---

[1] In addition, a party such as Plaintiff "does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena." *United States v. Idema*, 118 F. App'x 740, 744 (4th Cir. 2005) (internal citations omitted). Although Plaintiff baldly states that the "majority of the data" Defendants seek from Comfort Keepers is "privileged information," she has not made a showing sufficient to challenge this third-party subpoena.

2