IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Latasha Lorraine Askins, | ) | Civil Action No.: 4:12-cv-3547-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Starting Point, Heather Quenault, | ) | |
| Maria Roundtree, and Larry | ) | |
| Wiseburn, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Latasha Lorraine Askins ("Plaintiff") filed this action *pro se* on December 17, 2012, seeking recovery against Defendants Starting Point, Heather Quenault, Maria Roundtree, and Larry Wiseburn (collectively "Defendants"). Plaintiff was formerly employed by Starting Point, and the individual defendants are all affiliated with Starting Point.[1] The Complaint asserts that, during her employment with Starting Point, Plaintiff was "sexually harassed, sexually battered, intimidated, verbally and emotionally abused by staff in upper-management positions." Compl., ECF No. 1 at 3. Plaintiff further alleges that she was fired by Defendants Quenault and Roundtree for filing written complaints about the purported harassment. *Id.* The Court construes her Complaint as bringing causes of action for retaliation and for harassment/hostile work environment, both pursuant to Title VII, 42 U.S.C. § 2000e, *et seq.*

Defendants filed a motion for summary judgment on December 19, 2013. *See* Mot. for Summ. J., ECF No. 56. Plaintiff filed a response in opposition to the motion on December 30, 2013. *See* Pl.'s Resp., ECF No. 60. Defendant filed a reply in support of its motion on January 9, 2014, *see*

---

[1] Plaintiff asserts that Heather Quenault's position at Starting Point was Program Director, Defendant Maria Roundtree's was Assistant Director, and Defendant Larry Wiseburn's was Human Resources Manager. *See* Compl., ECF No. 1 at 4. Defendants do not dispute these job descriptions.

Reply, ECF No. 61, and Plaintiff filed a surreply in opposition to the motion on January 14, 2014, *see* Surreply, ECF No. 63. The matter is now before the Court after the issuance of the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West.[2] In the R & R, the Magistrate Judge recommends the Court grant Defendants' motion for summary judgment.

For the reasons stated below, the Court adopts the Magistrate Judge's R & R. Therefore, Defendants' motion for summary judgment is granted.

### STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The district court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

---

[2] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

2

### SUMMARY JUDGMENT STANDARD

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes the showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

When no genuine issue of any material fact exists, summary judgment is appropriate. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)).

In this case, Defendants "bear[] the initial burden of pointing to the absence of a genuine issue of material fact." *Temkin v. Frederick Cnty. Comm'rs*, 845 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). If Defendants carry this burden, "the burden then shifts to the non-moving party to come forward with fact sufficient to create a triable issue of fact." *Id.* at 718–19 (citing *Anderson*, 477 U.S. at 247–48).

Moreover, "once the moving party has met its burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show there is a genuine issue for trial." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, of conclusory allegations to defeat

3

a motion for summary judgment.   *See id*; *Doyle v. Sentry, Inc.*, 877 F. Supp. 1002, 1005 (E.D. Va. 1995).   Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial.   *See* Fed. R. Civ. P. 56(c), (e); *Baber*, 977 F.2d at 875 (citing *Celotex*, 477 U.S. at 324)).   Moreover, the nonmovant's proof must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits."   *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993); *DeLeon v. St. Joseph Hosp., Inc.*, 871 F.2d 1229, 1223 n.7 (4th Cir. 1989). In discrimination cases, a party is entitled to summary judgment if no reasonable jury could rule in the non-moving party's favor.   *See Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002).

## FACTUAL BACKGROUND

The facts of this case, including citations to the record, were completely and accurately set forth in the Magistrate Judge's Report and Recommendation.   *See* R & R, ECF No. 83 at 2–10. Briefly stated, Plaintiff was employed by Starting Point as an addiction counselor from June 13, 2011 through November 2, 2011.   *See* Job Description, ECF No. 56-1; Aff. of Heather Quenault, ECF No. 56-6 at ¶ 11; Pl.'s Dep., ECF No. 56-7 at 64:3–6.   Plaintiff alleges that she suffered sexual harassment, and that Starting Point was a hostile work environment during her employment.   *See* ECF No. 1 at 3.   Plaintiff also asserts that she complained about these issues and was terminated in retaliation.   *See id.*   Defendants deny that Plaintiff was subjected to the alleged harassment.   *See* Answer, ECF No. 25 at 1; ECF No. 61 at 2–4.   Defendants also assert that Plaintiff was not fired for her complaint, but rather was fired because of her inappropriate behavior with regard to one of her

patients, "J.B."[3]  *See* ECF No. 61 at 1–2.  Plaintiff does not dispute that an incident arose with J.B.,

but disagrees with Defendants' description of what happened, asserting that J.B. was the instigator of

the conflict.  *See* ECF No. 60 at 2–3.

**DISCUSSION**

## I.    R & R and Objections

In the R & R, the Magistrate Judge first recommends the Court find that Starting Point is a

covered employer under Title VII.  ECF No. 83 at 12.  The Magistrate Judge then recommends the

Court grant Defendants' motion for summary judgment as to Plaintiff's retaliation claim.  For the

retaliation claim, the Magistrate Judge found that Plaintiff is proceeding under the burden shifting

framework of *McDonnell Douglas*, as Plaintiff had not presented any direct evidence of retaliation.

*See id.* at 18.  The Magistrate Judge, however, recommends the Court accept without deciding that

Plaintiff had established a *prima facie* claim of retaliation because Defendants have not argued

otherwise.  *See id.* at 18–19.  As the Magistrate Judge noted, Defendants only challenged whether

Plaintiff presented sufficient evidence to establish pretext.  *See id.* at 19.  The Magistrate Judge then

recommends the Court find that Defendants proffered a legitimate, non-discriminatory reason for

terminating Plaintiff.  *See id.*  However, the Magistrate Judge recommends the Court find that

Plaintiff failed to meet the "but-for" causation requirement for establishing pretext—that she would

not have been terminated but for her submitting the complaints.  *See id.* at 20.  Thus, the Magistrate

Judge recommends the Court find there is no genuine issue of material fact as to Defendants'

retaliatory motive, and grant Defendants' motion on the retaliation claim.  *See id.* at 22.

---

[3] As the Magistrate Judge noted, the parties primarily refer to J.B. by his initials.  The Court will do
the same, as his full name is not germane to the analysis herein.

The Magistrate Judge then turned to Defendants' harassment/hostile-work environment claim. She recommends finding that Plaintiff failed to show that the evidence, viewed in her favor, "would allow a reasonable jury to conclude that the harassment was (1) unwelcome, (2) based on [Plaintiff's] gender or race, (3) sufficiently severe or pervasive to alter the conditions of her employment and create an abusive atmosphere, and (4) imputable to [Starting Point]." *EEOC v. Cent. Wholesalers, Inc.*, 573 F.3d 167, 175 (4th Cir. 2009). The Magistrate Judge explained that the "severe or pervasive" element contains both subjective and objective components. *See* ECF No. 83 at 24. She recommends the Court find that, while Plaintiff showed she subjectively perceived the environment to be abusive, she failed to present sufficient evidence to show that the alleged abuse would constitute a hostile work environment to an objectively reasonable female. *See id.* at 24–25. Thus, the Magistrate Judge also recommends the Court grant Defendants' motion on the sexual harassment/hostile work environment claim. *See id.* at 27.

Plaintiff's timely filed objections to the Magistrate Judge's R & R. Plaintiff noted that she objects to "every single word" of the R & R.[4] Plaintiff's first relevant objection asserts that the Magistrate Judge improperly determined that she failed to present any affidavits, arguing that the unsworn documents she submitted should still be considered. *See* ECF NO. 85 at 2. She argues that her "log of events" should properly be considered as evidence. *See id.* at 5. Plaintiff then claims that the Magistrate Judge erred in reviewing the evidence and determining that Defendant's proffered reason for firing her, the J.B. incident, was not pretextual. *See id.* at 2–4. Plaintiff objects to the Magistrate Judge's reliance on certain assertions in J.B.'s affidavit in reaching this conclusion. *See id.* Plaintiff then sets forth various facts which she purports demonstrated a hostile work

---

[4] The Court reiterates that any objections must point the Court to specific portions of the R & R. The Court need not discuss general, conclusory objections.

environment at Starting Point. *See id.* at 5–10. She objects to Defendants' evidence to the contrary, asserting that the affidavits and testimony presented by Defendants was contradictory and invalid. *See id.* at 8. Ultimately, Plaintiff argues that the Magistrate Judge improperly recommended granting summary because issues of fact remain. *See id.* at 9–10.

## II.     Applicability of Title VII

In her objections, Plaintiff argues that the Magistrate Judge's determination that Title VII should apply to Starting Point was correct and should be adopted by the Court. *See id.* at 6. Defendants did not object to this finding of the Magistrate Judge. Accordingly, finding no clear error, the Court adopts the Magistrate Judges analysis on this issue and finds that Title VII applies to Starting Point.

## III.     Retaliation

### 1.  *McDonnell Douglas*

A plaintiff may show a violation of Title VII through either direct or circumstantial evidence. When direct evidence is lacking, a plaintiff may produce circumstantial evidence and proceed under the *McDonnell Douglas* burden-shifting framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). The Magistrate Judge found that Plaintiff had not presented direct evidence of retaliation and was proceeding under the *McDonnell Douglas* framework.[5] Plaintiff did not object to this determination aside from a conclusory assertion that she provided "direct and circumstantial evidence." *See* ECF No. 65 at 7. Despite her assertions to the contrary, Plaintiff's filings, her "log

---

[5] "Evidence is direct if it 'both reflect[s] directly the alleged discriminatory attitude and . . . bear[s] directly on the contested employment decision.'" *Young v. United Parcel Service, Inc.*, 707 F.3d 437, 446 (4th Cir. 2013) (quoting *Warch v. Ohio Cas. Ins. Co.*, 435 F.3d 510, 520 (4th Cir. 2006)). "Thus, evidence is direct if it establishes discriminatory motive with no need for an inference or a presumption." *Id.*

of events," and her firing provide no direct evidence of discriminatory motive in relation to her termination.  Thus, finding no clear error, the Court agrees that Plaintiff is proceeding under the burden shifting framework.

Pursuant to this framework, once the plaintiff establishes a *prima facie* case of a violation of Title VII, the burden shifts to the defendant to produce evidence of a legitimate, nondiscriminatory reason for its employment action.  *Merritt v. Old Dominion Freight Line, Inc.*, 601 F.3d 289, 294 (4th Cir. 2010).  If the defendant meets the burden to demonstrate a legitimate, nondiscriminatory reason for its employment action, the burden shifts back to the plaintiff to demonstrate by a preponderance of the evidence "that the neutral reasons offered by the employer 'were not its true reasons, but were a pretext for discrimination.'"  *Id.* (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)).

### 2. *Prima Facie* Case

Title VII makes it an "unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."   42 U.S.C. § 2000e-3(a).  Absent direct evidence proof of retaliation, in order to establish a *prima facie* case for retaliation under Title VII, a plaintiff must show the following: "(1) she engaged in a protected activity; (2) the employer took an adverse employment action against her; and (3) a causal connection existed between the protected activity and the asserted adverse action."  *Matvia v. Bald Head Island Mgmt., Inc.*, 259 F.3d 261, 271 (4th Cir. 2011) (quoting *Von Gunten v. Maryland*, 243 F.3d 858, 863 (4th Cir. 2001)) (internal quotation marks omitted).

Courts have attempted to reconcile the recent holding of the United States Supreme Court in *University of Texas Southwest Medical Center v. Nassar* with the *McDonnell Douglas* framework. In *Nassar*, the Supreme Court held that in the Title VII retaliation context, a plaintiff must prove a claim "according to traditional principles of but-for causation," meaning she must show "the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, __ U.S. __, 133 S. Ct. 2517, 2533 (2013). In other words, a plaintiff must demonstrate that "her protected activity was a but-for cause of the alleged adverse action by the employer." *Id.* at 2534. In so holding, the Supreme Court rejected the argument that a Title VII retaliation claim could be proven according to the lessened "motivating-factor" causation standard applicable to some status-based Title VII causes of action. *See id.* at 2533-34; *see also Maliik v. Sebelius*, __ F. Supp. 2d __, No. PWG-12-1725, 2013 WL 4559516, at *16 (D. Md. Aug. 28, 2013) (discussing *Nassar* and explaining the but-for causation standard "means that the employer would not have taken the adverse employment action against the plaintiff if the employer were not trying to retaliate against the plaintiff for engaging in a protected activity").

The Magistrate Judge recommended finding that Plaintiff established a *prima facie* case, as Defendants did not challenge whether she had met the requirements. The Court, however, questions whether Plaintiff has established a *prima facie* case in light of *Nassar*. In a previous Order, this Court noted that some courts have found that *Nassar* requires a plaintiff to establish the third element of her *prima facie* case, the causation element, pursuant to the but-for standard. *See Askins v. Belissary*, No. 4:12-cv-1856-RBH, 2014 WL 507279, at *5 (D.S.C. Feb. 6, 2014), *aff'd* No. 14-1126, 2014 WL 1284979, at *1 (4th Cir. Apr. 1, 2014). As the Magistrate Judge correctly explained,

9

however, other courts have instead applied the *Nassar* "but-for" requirement to the pretext stage. *See e.g.*, *Ferguson v. Waffle House, Inc.*, __ F. Supp. 2d __, 2014 WL 1870785, at *18 (D.S.C. May 8, 2014) ("In order to show pretext, Plaintiff must show that 'but for' the Defendant's intent to retaliate against him because of his having engaged in protected activity, he would not have been subjected to the employment actions at issue."); *Cason v. S.C. State Ports Auth.*, No. 2:11-cv-2241-RMG, 2014 WL 588065, at *4 (D.S.C. Feb. 14, 2014) ("[I]n contrast to Plaintiffs' prima facie case, *Nassar* does effect the Court's pretext analysis.").  Because Defendants did not challenge whether Plaintiff set forth a *prima facie* case, the Court finds no clear error with the Magistrate Judge proceeding to the next stage of the burden shifting framework, and applying the "but for" standard at the pretext stage.

### 3.  Legitimate, Non-Retaliatory Reason

If Plaintiff is able to establish a *prima facie* case for retaliation, Defendants can rebut the presumption by articulating a legitimate, non-retaliatory reason for their actions. Discussing a defendant's burden, this Court has explained: "[w]hat shifts is merely a burden of producing admissible evidence (something more than a pleading) that would, if believed, be legally sufficient to justify a judgment for the defendant."  *Taylor v. Ingles Markets*, C.A. No. 802407227, 2004 WL 3591133, *5 (D.S.C. Dec. 13, 2004) (citing *Burdine*, 450 U.S. at 255).  The employer, however, does not have the burden of persuading the court that it was actually motivated by the proffered reason. *Id.* (citing *Burdine*, 450 U.S. at 255).  "The employer's burden is satisfied if he simply 'explains what he had done' or 'produce[es] evidence of legitimate, nondiscriminatory reasons.'"  *Williams v. Sonoco Prods. Co.*, No. 81-1469-0, 1982 WL 423, at *3 (D.S.C. Nov. 8, 1982) (citing *Bd. of Trustees of Keene State Coll. v. Sweeney*, 439 U.S. 24, 25 n.2 (1978)).

Here, Defendants proffered a legitimate, non-retaliatory reason for terminating Plaintiff. Defendants submit that they received a grievance from a client, J.B., complaining about Plaintiff's behavior and that they terminated Plaintiff after investigating this grievance.   ECF No. 56-6 at ¶¶ 9–11.   Defendants attached a copy of J.B.'s grievance to their motion, as well as an affidavit from J.B. authenticating his grievance to their reply.   *See* Client Grievance, ECF No. 56-4; Aff. of J.B., ECF No. 61-1.   In the grievance, J.B. asserts that Plaintiff was uncooperative and confrontational when she interacted with him, and that she called him a liar.   *See* ECF No. 56-4 at 2.   J.B. noted that he has been going to Starting Point and never had any problems until Plaintiff became his counselor.   *See id.* at 3.   J.B. stated that during his interactions with Plaintiff he "was treated like a prisoner, like a liar, and an all around piece of crap by someone who I am supposed to feel comfortable with," *see id.*, leaving him feeling "humiliated and betrayed," ECF No. 61-1 at ¶ 9.   After investigating these allegations, Defendant Quenault determined that Plaintiff should be terminated.   ECF No. 56-6 at ¶¶ 9–11.   Accordingly, the Court finds that Defendants have met their burden of demonstrating a legitimate, non-retaliatory reason for terminating Plaintiff.

### 4.  Pretext

Because Defendants met their burden of showing a legitimate, non-retaliatory reason for terminating Plaintiff, the burden shifts back to Plaintiff to prove that the reason given by Defendants was a pretext for unlawful retaliation.   *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000).   In *Reeves*, the Supreme Court clarified a plaintiff's burden to show pretext once the employer articulates a legitimate reason for its adverse action.   The Court held that a "plaintiff may attempt to establish that he was the victim of intentional discrimination 'by showing that the employer's proffered explanation is unworthy of credence.'"   *Reeves*, 530 U.S. at 143 (quoting

*Burdine*, 450 U.S. at 256). "The ultimate question is whether the employer intentionally discriminated, and proof that 'the employer's proffered reason is unpersuasive, or even obviously contrived, does not necessarily establish that the plaintiff's proffered reason . . . is correct.'" *Reeves*, 50 U.S. at 146–47 (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 524 (1993)). "Certainly there will be instances where, although the plaintiff has established a *prima facie* case and set forth sufficient evidence to reject the defendant's explanation, no rational factfinder could conclude that the action was discriminatory." *Reeves*, 530 U.S. at 148.

The Magistrate Judge found that Plaintiff's evidence and allegations failed to demonstrate that she would not have been terminated *but for* her submitting the internal complaints. *See* ECF No. 83 at 20 (citing *Nassar*, 133 S. Ct. 2533). The Magistrate Judge noted that Plaintiff was required to support her version of the facts with documents and other materials as set forth in Rule 56(c) of the Federal Rules of Civil Procedure. *See id.* at 21. The Magistrate Judge explained that calling Defendants' proffered reason into question by arguing that a document is false is not sufficient to survive summary judgment. *See id.* Ultimately, the Magistrate Judge recommended the Court find that Plaintiff's arguments in her memorandum and reply, as well as the unverified documents provided with her briefs, do not demonstrate a genuine issue of fact as to whether Defendants' proffered reason for terminating her was merely pretextual. *See id.* at 22.

Plaintiff objected to this recommendation, asserting that evidence need not be submitted via affidavit. *See* ECF No. 85 at 2. Plaintiff also disputes J.B.'s version of events, arguing that he was the confrontational and hostile party, and that he caused the incident, not her. *See id.* at 3. Plaintiff claims that J.B.'s grievance and affidavit misstated the facts and that he contradicted himself, and thus these documents are "impeached." *See id.* Plaintiff also argues that Defendants did not follow the

proper procedure for investigating employee complaints. *See id.* at 4. She again reiterates her argument that she was terminated for reporting alleged harassment by Defendants. *See id.* She asserts that Defendants threatened to fire her if she continued to complain, and that if she had not emailed her incident report to Larry Wiseburn on October 31, 2011, she would not have been fired two days later on November 2, 2011. *See id.* at 9. Plaintiff asserts that Defendant Starting Point never informed her that the reason she was terminated was for improper treatment of J.B. *See id.* at 6. Finally, Plaintiff argues that SCDEW's unemployment determination indicating that she was not discharged for improper conduct overrides any reason Defendants give for discharging her. *See id.* at 8. Plaintiff alleges that both the Defendants and the Magistrate Judge "falsif[y] information and documents," and she concludes by asserting that she has provided sufficient evidence to demonstrate an issue of fact with regard to pretext. *See id.*

The Court agrees with Defendants' argument in their reply that Plaintiff's objections are without merit. As Defendants correctly noted, Plaintiff's reliance on the SCDEW documentation is misplaced, as the administrative process surrounding unemployment benefits is designed to present low evidentiary hurdles and is limited to the narrow issue of "qualification" under the broad statutory definition. *Shelton v. Oscar Mayer Foods Corp.*, 481 S.E.2d 706, 708–09 (S.C. 1997). Therefore, the information in the SCDEW decision has no precedential value.[6] Moreover, the Court agrees with Defendants that Plaintiffs remaining arguments fail to attack the veracity of Defendants' stated reason for her discharge: mistreatment of patient J.B. Plaintiff bore the burden of demonstrating that Defendant's legitimate, non-retaliatory reason—her treatment of J.B.—was "not worthy of credence"

---

[6] Much of Plaintiff's discussion in her reply to Defendants' response to her objections was devoted to the information contained in the SCDEW decision. As the Court has explained, the information in the SCDEW decision is only marginally relevant to evaluating a Title VII claim, if relevant at all.

and was merely a pretext for termination.  As the Fourth Circuit has noted, a plaintiff cannot show pretext solely "by focusing on minor discrepancies that do not cast doubt on the explanations validity," *Hux v. City of Newport News, Va.*, 451 F.3d 311, 315 (4th Cir. 2006), and it is not the Court's "province to decide whether the reason was wise, fair, or even correct, ultimately, so long as it truly was the reason for the plaintiff's termination," *DeJarnette v. Corning, Inc.*, 133 F.3d 293, 299 (4th Cir. 1998).  Plaintiff's generalized personal beliefs and unsupported assertions are simply not sufficient to carry her burden.  *See Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir. 1992).

As the Magistrate Judge explained in the R & R, Plaintiff has offered no evidence, aside from her self-serving arguments in her filings and deposition testimony, to support her presentation of the facts.  "Although [the Court] does not make credibility determinations at the summary judgment phase, [it] should also not find a genuine dispute of material fact based solely on . . . self-serving testimony."  *Harris v. Home Sales Co.*, 499 Fed. App'x 285, 294 (4th Cir. 2012); *see also Williams v. Giant Food Inc.*, 370 F.3d 423, 433 (4th Cir.2004) ("[A] self-serving opinion . . . cannot, absent objective corroboration, defeat summary judgment.").  Plaintiff has failed to present any other evidence supporting her version of events with regard to the J.B. incident.  Accordingly, Plaintiff has failed to demonstrate a genuine issue of material fact concerning whether she would have been terminated "but for" Defendant's retaliatory motive.  Defendants' credible evidence regarding the J.B. incident negates Plaintiff's argument that she would not have been fired but for her complaints. Defendant has proffered a legitimate, non-retaliatory reason for terminating Plaintiff, and the Court agrees with the Magistrate Judge that Plaintiff failed to meet her burden of demonstrating that this reason was merely pretexutal.

Accordingly, Defendants' summary judgment motion is granted as to the retaliation claim.

## IV.    Hostile Work Environment

Title VII states that "[i]t shall be an unlawful employment practice for any employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of . . . sex."   42 U.S.C. § 2000e-2(a)(1).   Because the environment of the workplace is a term or condition of employment, Title VII creates a hostile work environment cause of action.   *Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 73 (1986); *EEOC v. R & R Ventures*, 244 F.3d 334, 338 (4th Cir. 2001).

"To establish a Title VII claim for sexual harassment in the workplace, a female plaintiff must prove that the offending conduct (1) was unwelcome, (2) was based on her sex, (3) was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment, and (4) was imputable to her employer."   *Ocheltree v. Scollon Prods., Inc.*, 335 F.3d 325, 331 (4th Cir. 2003) (citing *Spicer v. Va., Dep't of Corr.*, 66 F.3d 705, 710 (4th Cir. 1995))

The Magistrate Judge found that Plaintiff failed to meet the "because of sex" prong with regard to Defendant Wiseburn, as her allegations against him did not rise to the level of sexual discrimination.   *See* ECF No. 83 at 23.   With regard to Plaintiff's allegations against her female coworkers, Defendants Quenault and Roundtree, the Magistrate Judge also found that the complained-of behavior of Defendants' was not based on Plaintiff's sex.   *See id.* at 23–24.   Next, the Magistrate Judge found that, even if the "because of sex" prong was met, none of these Defendants' behavior was so "severe or pervasive" that it created a hostile work environment.   *See id.* at 24.   The Magistrate Judge noted that, while Plaintiff had established that she subjectively perceived the environment to be abusive, she had not shown that a reasonable person in her position

would find the environment hostile or abusive.  *See id.*  Thus, the Magistrate Judge recommended the Court grant Defendants' motion for summary judgment with regard to Plaintiff's hostile work environment claims as well.

### 1.  Allegations Against Defendant Larry Wiseburn

Plaintiff objected to the R & R, first arguing that Defendant Wiseburn's actions did constitute sexual harassment.   She notes that Defendant Wiseburn threatened to fire her if she didn't look him in the eyes, and that he told her "how young and pretty I looked to him."  *See* ECF No. 85 at 5.  She also argued that Defendant Wiseburn "had a habit of getting next to [her]," would yell at her, and would call her a "crazy psychopath."  *See id.*  Plaintiff then generally asserts that "[a]ll of his behaviors created a hostile work environment."  *See id.*

With regard to the allegations against Defendant Wiseburn, the Court agrees with the Magistrate Judge that Plaintiff has failed to set forth any evidence or allegations which would show behavior rising to the level of sexual discrimination.   "An employee is harassed or otherwise discriminated against 'because of' his or her gender if, 'but for' the employee's gender, he or she would not have been the victim of the discrimination."  *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 242 (4th Cir. 2000).  Plaintiff has failed to present sufficient evidence to establish that she would not have been the victim of discrimination by Defendant Wiseburn had she not been female. *Cf. Freeman v. Dal-Tile Corp.*, 750 F.3d 413, 421 (4th Cir. 2014) (noting that a reasonable jury could find the "because of sex" element met where evidence showed that Plaintiff's coworker frequently discussed his sexual exploits, showed pictures of women to Plaintiff and others, and frequently made lewd comments, and discussed having sex with a co-worker's daughter); *Harris v. Mayor and City Council of Baltimore*, 429 Fed. App'x 195, 200–01 (4th Cir. 2011) (determining that a reasonable

16

jury could find the "because of" sex element met where photos of scantily clad women were posted throughout the workplace and where the work environment was "laced with repeated, daily use of demeaning words . . . to refer to women").

Moreover, even if Defendant Wiseburn's conduct was "because of" Plaintiff's sex, the Court finds that it was not so sufficiently "severe and pervasive" as to alter Plaintiff's employment conditions. To meet the "severe and pervasive" prong the Plaintiff must meet both an objective and a subjective component. *Ocheltree*, 335 F.3d at 333 (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, (1993)). Plaintiff must show both: (1) she subjectively found the harassment hostile or abuse and (2) it was objectively severe or pervasive applying a reasonable person standard. *See Harris*, 510 U.S. at 21 (1993); *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 79–81 (1998). The objective inquiry requires the Court to "look at all the circumstances, including the frequency of the discriminatory conduct; its severity; [and] whether it is physically threatening or humiliating, or a mere offensive utterance." *EEOC v. Cent. Wholesalers, Inc.*, 573 F.3d 167, 175 (4th Cir. 2009). Defendant Wiseburn's alleged behavior was at most offensive. Plaintiff does not allege that he engaged in the purported harassment with any frequency, and the Court finds that the alleged actions were not severe, threatening, or humiliating. Thus, the Court agrees with the Magistrate Judge that Plaintiff has failed to establish a claim with regard to Defendant Wiseburn.

### 2. Allegations Against Defendants Heather Quenault and Maria Roundtree

The allegations against Plaintiff's female coworkers, Defendants Quenault and Roundtree, were more incendiary. In her objections to the R & R, Plaintiff objected to the Magistrate Judge's finding that her sexual harassment/hostile work environment claim also fails with regard to these Defendants. In her objections, Plaintiff argued that she found their actions to be unwanted and

severe.  *See* ECF No. 85 at 9.  She averred that she felt scared and powerless and that "[a]nyone with commonsense and who didn't want or like being abused would have found the environment to be severely hostile and abusive too."  *See id.*  She concludes by noting that she is a "straight woman" and that she "finds gay women touching my buttock and breasts and showing me pictures of other women shaking their buttocks to be sexually abusive."  *Id.*

Plaintiff alleges that Defendants Quenault and Roundtree showed her pornography and touched her inappropriately.  For same-sex harassment, the "because of sex" causation element is "an especially formidable obstacle," *Lack v. Wal–Mart Stores, Inc.*, 240 F.3d 255, 260 (4th Cir. 2001).  As the Magistrate Judge explained, for same-sex harassment a Plaintiff must demonstrate that the harassing conduct was not merely "tinged with offensive sexual connotation, but actually constituted '*discrimination* because of sex.'"  *Oncale*, 523 U.S. at 79–81 (emphasis in original).  The Supreme Court has identified three situations that may support an inference of same-sex sexual harassment: (1) if the plaintiff presents "credible evidence that the harasser was homosexual" and made "explicit or implicit proposals of sexual activity"; (2) if the plaintiff shows that "the harasser [was] motivated by general hostility to the presence of [members of the same sex] in the workplace"; or (3) if the plaintiff offers "direct comparative evidence about how the alleged harasser treated members of both sexes in a mixed-sex workplace."  *Oncale*, 523 U.S. at 80–81.

The Court agrees with the Magistrate Judge that Plaintiff has failed to show that Defendants Roundtree and Quenault harassed her "because of" her sex.  Plaintiff has not provided any credible evidence that either Defendant Roundtree or Defendant Quenault was homosexual.  Plaintiff asserts that they were having a lesbian relationship, *see* Pl. Dep., ECF No. 56-7 at 67:3–16, 92:25–93:18, but provides insufficient proof of this aside from her own subjective beliefs.  In any event, Plaintiff has

18

not set forth allegations that these Defendants made any explicit or implicit proposals of sexual activity.  Moreover, as to the second scenario, the Court finds that Plaintiff has not set forth any allegations or provided any evidence demonstrating Defendant Roundtree or Quenault maintained a "general hostility" to women being present in the workplace.  Finally, Plaintiff has offered no evidence of how Defendants Roundtree and Quenault treated members of both sexes at Starting Point, which was a mixed-sex workplace.  Therefore, the Court finds that Plaintiff has failed to meet the "because of sex" element of her hostile work environment claim, as she has not overcome the "especially formidable obstacle" of causation, *see Lack*, 240 F.3d at 260.

Additionally, the Court also finds that Plaintiff has failed to sufficiently establish the "severe or pervasive" element of her hostile work environment claim.  Plaintiff has undoubtedly met the subjective component, as she has repeatedly reminded the Court that she perceived Defendants' actions to be abusive.  The objective prong, however, "is designed to disfavor claims based on an individual plaintiff's hypersensitivity."[7]  *EEOC v. Fairbook Med. Clinic, P.A.*, 609 F.3d 320, 328 (4th Cir. 2010).  As previously noted, the objective analysis centers on "the frequency of the discriminatory conduct; its severity; [and] whether it is physically threatening or humiliating, or a mere offensive utterance."  *Cent. Wholesalers, Inc.*, 573 F.3d at 175.  After reviewing all of Plaintiff's allegations, the Court agrees with the Magistrate Judge that Plaintiff has failed to meet the "severe and pervasive" requirement, as she has not demonstrated the complained of events were such that a reasonable person in the environment would find them hostile or abusive.

---

[7] This may apply here.  In her deposition, Plaintiff asserted that she has "had lesbians hit on me at every job I've been to," that she gets hit on by lesbians "just about all the time, more than two or three times a week," and that men also hit on her "all the time."  *See* ECF No. 56-7 at 94:1:10, 97:4:21.

The Court notes that some of the unwanted physical contact alleged by Plaintiff appears to have been unintentional, as she alleged that Defendant Quenault "slapped" her breast with a paper towel with a roll of paper when the two were moving boxes, and that Defendant Quenault "touched [Plaintiff's] butt" when she squeezed by her.   *See* Pl. Dep. at 75:22–76:23, 80:6–81:25, 82:13–84:7. However, Plaintiff vehemently asserts that Defendant Quenault's touching of her buttocks was not an accident.   *See id.* at 78:14–79:4.   Plaintiff also claims that Defendant Quenault intentionally slapped her breast in a separate incident.   *See id.* at 81:18–12.   Plaintiff further alleges that Defendant Quenault showed her breasts to Plaintiff by wearing low cut tops at work and propping her breasts on a table such that Plaintiff "could see the colored area of the nipples."   *See id.* at 85:24–86:25. Plaintiff's then asserts that Defendant Quenault once bent over in her dress "showing her naked – her big ass."[8]   *See id.* at 77:9–16.   With regard to Defendant Roundtree, Plaintiff claims that Defendant Roundtree showed her pictures of women shaking their behinds and that Defendant Roundtree also showed Plaintiff her buttocks on one occasion.[9]   *See id.* at 88:18–6.

Although this conduct may have been subjectively severe and pervasive to Plaintiff, and arguably may have been unprofessional, the Court notes that Title VII is not a general civility code, *see Onacle*, 523 U.S. at 80.   The Court agrees with the Magistrate Judge that an objectively reasonable female would not find that these actions created a hostile work environment.   As the Court has already noted, some of these alleged incidents, such as the hitting of the breast with the paper roll and touching of the buttocks, appear to have been unintentionally caused.   Additionally, several more of the alleged incidents appear to have been driven by misunderstandings by Plaintiff of

---

[8] With regard to this incident, Plaintiff admits, however, that she "ignored the exposure of buttocks by looking away."   *See* ECF No. 56-7 at 77:14–15.
[9] With regard to this incident, Plaintiff admitted that Defendant Roundtree "actually showed me the crack of her buttocks where she stated she fell on the chair and hurt it."   *See id.* at 89:1–4.

either what she saw or what the Defendant intended.   For example, Plaintiff admits that she did not actually see Defendant Quenault expose her buttocks, and she admits that Defendant Roundtree was showing an injury to her when she showed her buttocks.   In any event, even if these allegations correctly described the events the Court finds that they do not establish a genuine issue of fact as to whether the harassment was severe or pervasive.   *Cf. Freeman v. Dal-Tile Corp.*, 750 F.3d 413, 423 (4th Cir. 2014) (finding triable issue of fact where Plaintiff's coworker "repeatedly used the word "b****" in the office, . . . called [Plaintiff] a "black b****," passed gas on [Plaintiff's] phone, []often discussed his sexual experiences with women, including showing co-workers naked pictures on his phone, [and] made 'lewd' comments on a regular basis).

### 3.  Conclusion

Plaintiff may be able to meet the subjective component, but based on the evidence or lack thereof, and consistent with existing case law, she cannot meet the objective component of her claim. Accordingly, her harassment/hostile-work environment claim must fail and summary judgment is appropriate.

### CONCLUSION

The Court has thoroughly reviewed the entire record, including Defendants' Motion for Summary Judgment, Plaintiff's Response in Opposition to Motion for Summary Judgment, Defendants' Reply to Plaintiff's Response, Plaintiff's Surreply, the R & R, Plaintiff's objections to the R & R, Defendants' Response to Plaintiff's Objections, Plaintiff's Surreply, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R & R.

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment is **GRANTED**, and that Plaintiff's complaint is **DISMISSED** *with prejudice*.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
August 14, 2014

22